### SHARTS *v.* HOLLOWAY.

[No. 18,304.   Filed May 11, 1898.]

REAL ESTATE.—*Wife's Inchoate Interest.—Release Of.*—A husband made a contract to convey certain real estate in which contract his wife did not join. Upon his refusal to execute the conveyance suit for specific performance was commenced, and *lis pendens* notice setting forth a description of the real estate and the nature of the plaintiff's rights and interest sought to be enforced was duly filed. Pending suit for specific performance the husband and his wife joined in a conveyance of the real estate to S, who reconveyed to the husband. The court afterwards ordered a conveyance by the husband under the contract, which conveyance was made by a commissioner. *Held,* in an action by the vendee against the wife to quiet title, that by joining in the deed to S she had relinquished her inchoate interest in the real estate.

From the Marion Superior Court.   *Affirmed.*

*Holtzman & Leathers,* for appellant.

*H. J. Milligan,* for appellee.

MCCABE, J.—The appellee sued the appellant to quiet title to certain described real estate in the city of Indianapolis. The issues made were tried by the court, resulting in a special finding of the facts, whereon

the court stated conclusions of law leading to judgment and decree quieting title in the plaintiff, appellee. The sole question presented by the record and assignment of errors relates to the conclusions of law.

The substance of the facts found are, that on November the 8, 1894, Walter D. Sharts was the owner in fee simple of the real estate described in the complaint, and on that day the plaintiff Holloway commenced his action in the court below against said Walter D. Sharts for specific performance of a certain contract in writing by and between said defendant Sharts and said plaintiff Holloway, by which the former agreed to convey said real estate to the latter in consideration whereof the latter agreed to convey certain other real estate to the former; that at the same time said plaintiff filed with the clerk of the circuit court of Marion county a written *lis pendens* notice setting forth a description of the real estate described in the complaint, and the nature of the plaintiff's rights and interest sought to be enforced against the same, which notice was immediately recorded in the *lis pendens* record by the clerk of said circuit court. Such proceedings were had in said action that a decree was entered in said cause on December 16, 1895, and said Walter D. Sharts was ordered by said decree to convey said real estate to the plaintiff, and on failing to do so, a commissioner was appointed to make such conveyance. And the plaintiff was ordered by the court to convey said other real estate to said Sharts, in which the wife of the plaintiff Holloway should join. Plaintiff Holloway made such conveyance, his wife joining therein, and said Walter D. Sharts refusing to make such conveyance he was so ordered to make, the said commissioner conveyed the property described in the complaint herein to the plaintiff Holloway, on December 26, 1895, pursuant to said order.

That the defendant Bertha L. Sharts was married to Walter D. Sharts on July 5, 1892, and has been his wife continuously since said date, and still is his wife, but she was not made a party to said action for specific performance; that after said action for specific performance was begun to wit, on April 24, 1895, said Walter D. Sharts, and defendant herein, his wife Bertha L. Sharts, executed to Sarah E. Sharts, mother of said Walter D., a warranty deed conveying to said Sarah E. Sharts the real estate described in the complaint herein, duly acknowledged, and the same was duly recorded on April 27, 1895, for the expressed consideration of $1,400.00, subject to a certain building association mortgage in the sum of $900.00. But there was no actual consideration of any kind whatever. It was expressly understood and agreed at the time of said conveyance that said Sarah E. should hold the title to said real estate, and reconvey the same to said Walter D. Sharts at any time he should demand the same, or if said action for specific performance which was then pending should be decided in favor of plaintiff herein. It was expressly understood and agreed at the time of such conveyance that said Sarah E. Sharts should, during the time she held the title aforesaid, pay and keep up the regular installments upon said building association loan, and that upon the reconveyance of said real estate to said Walter D. Sharts he would repay her for all sums of money which she might expend for such purpose. The understanding and agreement with Sarah E. Sharts as to how she should hold said real estate, and as to the reconveyance thereof, and as to the payment and repayment of the building association dues, was not in writing. Afterwards to wit, on October 24, 1895, while said action for specific performance was still pending, said Sarah E. Sharts, upon demand of said

Walter D., reconveyed to said Walter D. Sharts, in pursuance of said agreement, the real estate described in the complaint herein, by warranty deed, which was duly recorded in the proper recorder's office on the —— day of ———, 1895; and after said deed was so made said Walter D. Sharts fully repaid to said Sarah E. Sharts all sums of money she had paid in keeping up the regular installments on said building association loan.    The conclusions of law are, that the plaintiff is the sole owner in fee of the real estate described in the complaint herein, and that the defendant has no interest in or title to said real estate, and that the plaintiff is entitled to have his title quieted.    If the conveyance by the appellant and her husband to Sarah E. Sharts, his mother, pending the suit by the appellee Holloway for specific performance, had not been made, and the conveyance by her back to Walter D. Sharts, also while the said suit was pending, had not been made, we should have a very different question before us.    The contract to convey the real estate in question having been made while appellant was the wife of Walter D. Sharts, she not being a party to such contract, and not a party to the suit to specifically enforce it, had she stood her ground, the decree could not affect her inchoate interest in the real estate in question, because it is provided by our statute of descents that:    "No act or conveyance, performed or executed by the husband without the assent of his wife, evidenced by her acknowledgment thereof in the manner required by law; nor any sale, disposition, transfer or incumbrance of the husband's property, by virtue of any decree, execution or mortgage to which she shall not be a party (except as provided otherwise in this act), shall prejudice or extinguish the right of the wife to her third of his lands or her jointure, or preclude her from the recovery thereof, if

otherwise entitled thereto." Section 2660, Burns' R.
S. 1894 (2499, R. S. 1881). But here the appellant in-
stead of standing on her inchoate rights as wife of
Walter D. Sharts, joined him in a deed conveying to
Sarah E. Sharts his entire title, thereby extinguish-
ing her inchoate interest. It is true the conveyance
pending the suit left the title in the hands of the
grantee, *pendente lite*, subject to whatever decree was
rendered. But the title was conveyed back to her
husband, and again he became seized of an estate in
fee simple in said real estate, and she became clothed
with an inchoate interest, but that interest became
subject to whatever infirmities that attached to the
new title her husband acquired by the reconveyance.
That infirmity was the outstanding equitable title cre-
ated in the appellee Holloway to the real estate. That
equitable title was older, and therefore paramount
to appellant's marital rights in the land created by
the reconveyance to her husband. Her marital rights
in the land before she joined her husband in the con-
veyance thereof to his mother Sarah E. Sharts were
prior and superior to the equitable title in appellee,
created by her husband's contract to convey to appel-
lee Holloway. But she extinguished that prior right
by joining her husband in the conveyance to his
mother Sarah E. Sharts. When the latter conveyed
the land back to appellant's husband, she occupied
the same situation that she would have occupied if
the prior contract of her husband to convey the land
had been made by a stranger who was a prior owner
while a suit for specific performance of that contract
was pending. In other words, if a husband receive a
conveyance of land on which there is an outstanding
lien, or an equity that is binding on him, the wife
has no inchoate interest in such land as against such
outstanding equity or lien. In *Buser* v. *Shepard*, 107

Sharts *v.* Holloway.

Ind., at p. 424, this court said: "Even if the sale had been within the act of 1875, since, by joining her husband in a conveyance to Myers, she extinguished her inchoate interest for the time being, she was not in a position to claim that the reconveyance from Myers restored her to her original interest, free from the incumbrance of the mechanic's lien. By the reconveyance from Myers, her husband took a new estate in the land, as of the date of such reconveyance. The estate which he then took, as well as the inchoate interest which accrued to his wife, was subject to the existing incumbrance, and the interests of both were bound by the decree which was afterwards given in the suit pending at the time the reconveyance was made." It has recently been held by this court, that where the husband acquires title to land which is at the time subject to a lien in his hands, his wife acquires no interest in the land as against such lien. *Vandevender* v. *Moore*, 146 Ind. 44-51; *Kissel* v. *Eaton*, 64 Ind. 248. The same principle is involved here. When appellant's husband acquired the title the last time, it was but the naked legal title, with a suit pending to enforce an outstanding equitable title. That title was binding on him, regardless of the pending suit for the specific performance of the contract to convey. And, as his wife acquired her interest through the husband, it is subject to all the liabilities the husband's title is subject to when it comes into existence. The superior court did not err in concluding as matter of law that appellant had no interest in the real estate in controversy. The judgment is affirmed.