## PARKER *v.* CURLL.

[No. 10,288.    Filed April 8, 1920.]

1. ATTACHMENT.—*Lien of Writ.—When Attaches.*—Under §956 Burns 1914, §922 R. S. 1881, the writ of attachment is a lien from the time it is placed in the hands of the sheriff.    p. 179.

2. ATTACHMENT.—*Lien.—Writ Intervening Between Signature and Delivery of Deed.*—Where a deed by nonresidents was sent to a bank of the county wherein the land lay, for collection of the consideration and delivery, a writ of attachment against the grantors' property, applied for, issued, and placed in the hands of the sheriff before the receipt and delivery of the deed, but on the same day therewith, was a lien on the land although the deed had been signed and acknowledged the day before, since the deed was not executed until its delivery.    p. 179.

From Pike Circuit Court; *John L. Bretz,* Judge.

Action by Eva Parker against William D. Curll. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*John L. Sumner* and *Frank Ely,* for appellant.

*Edward P. Richardson, Arthur H. Taylor* and *William D. Curll,* for appellee.

McMahan, J.—This is an action by appellant to quiet her title to certain real estate in Pike county.    On and prior to March 8, 1917, Eulah and Hattie Patterson, who were nonresidents of this state, were the owners of an undivided one-third interest in the real estate described in the complaint.    On said day they signed and acknowledged a warranty deed, wherein they conveyed said real estate to the appellant, and mailed the same to the Citizens State Bank at Petersburg, with directions to deliver the same to appellant upon her paying the purchase price to the bank for said grantors.    This deed was received at the bank at 1:30 p. m., March 9, 1917, was delivered to appellant at 2 o'clock and recorded in the recorder's office at 3 p. m., March 9.    Appellee filed

his complaint against Eulah and Hattie Patterson, together with an affidavit and undertaking in attachment, in the office of the clerk of the Pike Circuit Court at 11:45 a. m., March 9, 1917. A writ of attachment was immediately issued and delivered to the sheriff of Pike county at 1 o'clock p. m., March 9. At the time appellee filed his complaint, he filed a *lis pendens* notice in the clerk's office, giving notice that he had filed his complaint, affidavit and bond in attachment for the purpose of attaching the interest of Eulah and Hattie Patterson in the real estate described in the complaint. The sheriff served said writ and levied upon said real estate about 4 p. m., and on March 10, 1917, made his return on the writ of attachment, together with the inventory and appraisment, and filed the same in the clerk's office.

The only question involved in this appeal is whether the attachment was a lien upon the real estate at the time it was conveyed to the appellant. Section 956 Burns 1914, §922 R. S. 1881, provides that an order of attachment binds the defendant's property in the county subject to execution, and becomes a lien thereon from the time of its delivery to the sheriff in the same manner as an execution. This court held in *Little* v. *Mundell* (1915), 59 Ind. App. 227, 109 N. E. 227, that a lien in attachment relates back to the time the writ was placed in the hands of the sheriff. In fact, all the authorities are to the effect that the lien attaches the moment the writ is placed in the hands of the sheriff.

Appellee contends that the deed conveying the property to appellant was not executed until its delivery, which took place after the writ of attachment had been placed in the hands of the sheriff, and that, therefore, the property was subject to the lien of attachment at the time the deed was delivered to appellant. The contention of the appellee must prevail. The real estate was subject to the lien of appel-

lee's writ of attachment at the time the deed was delivered to appellant.

There was no error in overruling appellant's motion for a new trial.    Judgment affirmed.