BUCHER *v.* YOUNG.

[No. 12901. Filed November 3, 1927. Rehearing denied January 25, 1928. Transfer denied July 1, 1932.]

*Fred H. Bowers, Milo N. Feightner* and *Lee M. Bowers,* for appellant.

*Samuel E. Cook* and *Otto H. Krieg,* for appellee.

REMY, J.—On September 27, 1920, Jacob Young, being the owner in fee simple of certain unincumbered

real estate, entered into a written contract, his wife joining, to sell the real estate to Wendell E. and Olive L. Gard at the price of $16,500; by the terms of the contract, Young and his wife were to execute the deed and deposit same with the Huntington State Bank, to be delivered when the sale was consummated; the purchasers were to pay, and did pay, $2,500 at the time of the execution of the contract; they were to negotiate a loan for $6,000, secured by first mortgage on the real estate, the proceeds of which, together with an additional $500, cash, was to be applied on the consideration, and for the remaining portion of the price the purchasers were to execute and deliver to Young, their note secured by second mortgage on the land. Pursuant to the contract, the deed was, on October 14, 1920, executed and deposited with the bank to be delivered to the purchasers upon compliance by them with the terms of the contract. On October 19, 1920, and before anything else had been done in the consummation of the deal, Jacob Young died testate, and on November 10, 1920, the will having been probated, appellee, the widow of Jacob Young, elected to take under the law. On July 12, 1921, the purchasers of the land procured the loan, made the payments, and executed and delivered the second mortgage, all as agreed. The purchasers subsequently sold the real estate, subject to the mortgage, to Luella Harrold. Thereafter appellant, administrator with the will annexed of the estate of Jacob Young, having learned that the original purchasers and subsequent purchaser were insolvent, took a reconveyance of the land to himself as administrator and released the second mortgage, the reconveyance being on order of the court. Appellant thereafter petitioned the court for an order to sell the real estate to pay debts, and, over objection of appellee who was claiming a one-third interest in the land, as the widow of Jacob Young, the sale was ordered by the

court, the rights of all persons claiming an interest in the real estate being preserved in the proceeds thereof. Appellant, as administrator, paid all claims against the estate, including the widow's absolute allowance of $500, except the widow's claim to one-third interest in the proceeds of the sale of the land reconveyed to him on order of court. Upon the theory that the widow's claim to a one-third interest in the land so reconveyed was without merit, appellant prepared and filed with the court his final settlement report, in which the claim was ignored. Appellee, the widow, thereupon filed exceptions to the report, and upon the issue thus formed the cause was tried. The facts, which were found specially, are as above set forth. Upon the facts the court stated its conclusions of law to be, that appellee was the owner of, and entitled to, one-third of the proceeds of the real estate in question, free from demands of creditors, and judgment was so rendered, from which judgment this appeal is prosecuted.

The important question for determination is: If a husband and wife enter into a binding agreement to sell real estate and place the same with a depositary, to be finally delivered to the grantee upon the performance of the conditions and terms of the contract, what is the effect of the death of the husband before the time for the performance of the conditions, when the conditions are performed and the deed delivered to the grantee after the husband's death?

The question must not be confused with that presented where the grantor places a deed in escrow to be delivered on his death. In such a case, it is well settled in this state that, since the contingency is certain to happen, the grantor parts with all right to the deed when it is deposited, and the delivery, when made pursuant to the grantor's instructions, relates back to the time when the deed was placed with the escrow agent. *New-*

*man* v. *Fidler* (1911), 177 Ind. 220, 97 N. E. 785; *Martin* v. *Caldwell* (1911), 49 Ind. App. 1, 96 N. E. 660. In the case at bar, delivery of the deed was made contingent upon performance of the contract by the grantee; this contingency was not certain to happen, but actually did happen, but at a time subsequent to the death of grantor Jacob Young. It is argued by appellee, and the trial court in effect held, that Young having died prior to the time of performance by the grantee, the delivery could not relate back to the time when the deed was placed in escrow, and that, therefore, the contract became unenforceable. In other words, that Young having died before the deed was delivered, the ownership of the real estate did not, under the contract, pass to the purchasers, but remained in Young upon whose death the one-third part thereof was vested, by reason of the statute, in appellee who became his widow. We do not so understand the law. The parties made a valid contract which contained no provision that it would be set aside or in any way altered by the death of one of the parties. A part of the contract was that the deed was to be delivered upon the happening of a certain contingency. The death of the grantor before the happening of the contingency could not, and did not, operate to relieve appellee from her contractual obligation and thus defeat the intention of the parties. The delivery of the deed deposited in escrow related back to the time it was placed in escrow.

It is a well established principle of equity that pending the completion of an enforceable executory contract for the sale of real estate, the real estate is, as to the vendor, regarded as converted into personalty from the time of the execution of the contract. *Williams* v. *Haddock* (1895), 145 N. Y. 144, 39 N. E. 825; *Clapp* v. *Tower* (1903), 11 N. D. 556, 93 N. W. 826; 1 Pom. Eq. Jur. (4th ed.), sec. 105; 13 Corp.

Jur. 855; 6 R. C. L. 1076. See, also, *Kimberlin* v. *Templeton* (1913), 55 Ind. App. 155, 102 N. E. 160. In harmony with this principle, the rights of the vendee, in this state, are fixed by statute. §29, p. 253, 1 R. S. 1852; section 3350 Burns' 1926.

Applying the principle stated to the facts in this case, it follows that by reason of the contract for the sale of the land in question, the vendees, at the time of the execution of the contract, became the owners of the equitable title thereof, and Young's estate in the land (the obligation of the vendees to pay the purchase price) became personalty. Although the legal title remained in Young, he held it in trust for the vendees, and as security for the unpaid purchase price. Upon Young's death his estate in the land passed to his personal representative as a part of his personal assets.

When appellant joined her husband in the deed of conveyance, she relinquished her inchoate interest in the real estate, and upon the conveyance by the vendee to Young's legal representative in compromise settlement of claims for the unpaid purchase price, she acquired as against creditors, no rights either in the real estate or in the proceeds derived from its subsequent sale to pay debts. See, *Sharts* v. *Holloway* (1898), 150 Ind. 403, 50 N. E. 386; *Little* v. *Mundell* (1917), 59 Ind. App. 227, 109 N. E. 227.

Reversed.