499 P.2d 1298

In the Matter of the Estate of Raymond H. WILLSON, Deceased.

Edna R. WILLSON, Executrix, Plaintiff and Appellant,

v.

STATE TAX COMMISSION of Utah, Defendant and Respondent.

No. 12501.

Supreme Court of Utah.

July 28, 1972.

2. Eardley v. Terry, 94 Utah 367, 77 P.2d 362 (1938).

Henriod, J., did not participate.

Glen E. Fuller and Orval C. Harrison, Salt Lake City, for plaintiff and appellant.

Vernon B. Romney, Atty. Gen., G. Blaine Davis, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

BALDWIN, District Judge:

Plaintiff appeals from a judgment of the District Court of the Second Judicial District, Weber County, Utah, upholding inheritance tax assessed by the Utah State Tax Commission upon the assets of the Estate of Raymond H. Willson, deceased. Plaintiff claims improper, an assessment of inheritance tax, in that the vendor's interest in real property sold pursuant to a real estate contract by decedent and his wife during the lifetime of the husband was assessed as personal property, and defendant did not allow the widow's statutory dower exclusion in determining inheritance tax due.

The case was heard by the District Court pursuant to an order to show cause, upon petition of the plaintiff, Executrix of the Estate of Raymond H. Willson, deceased, and was heard upon stipulated facts. Raymond H. Willson died in Ogden, Utah, December 23, 1967. Raymond H. Willson and his wife owned land in Weber County, Utah, as tenants in common, with equal undivided interests. In 1961, Raymond Willson and Edna M. Willson entered into an agreement to sell the real property, the agreement containing most of the standard provisions of a typical uniform real estate contract.

The agreement included an option for buyers to purchase the land and this option was exercised in 1963, and they entered into possession of the land in 1963, and remained in possession, and maintained the contract for sale and purchase of the land current, and made all payments required up

to the time of the death of Raymond Willson.

When the contract was executed for sale of the land by the Willsons to the buyers, no deeds were executed by the sellers, and no deeds were escrowed. It was contemplated by the parties that, periodically, deeds would be executed and delivered to portions of the property, after payments made during the installment periods. Pursuant to the agreement, the buyers took possession of the property, upon making certain payments due in October of 1963, and the buyers made all payments as they became due. Buyers had the obligation to pay all property taxes and certain obligations to the Weber Basin Water District, and these were paid.

The Executrix, plaintiff, widow of Raymond H. Willson, prepared the Utah State Inheritance Tax Return, and in the return, excluded one third of the balance due on the contract to Raymond H. Willson, her deceased husband, as being a "legal or equitable estate in real property possessed by the husband at any time during the marriage . . .," pursuant to the provisions of Section 74-4-3, Utah Code Annotated 1953. The exclusion was not allowed by the State Tax Commission of Utah. The dower exclusion was not allowed upon the basis that the doctrine of equitable conversion was applicable and the execution of the real estate sales agreement converted the interest of the husband into personal

property and that he had no real property interest in the lands sold. The refusal to allow the dower exclusion resulted in the assessment of additional inheritance tax.

The question before the court is what is a seller's interest in an enforceable executory contract for the sale of real property, where the buyers have full possession and control and the contract is in good standing and the buyers have performed all things required of them? Plaintiff urges the court that the interest is a real property interest and defendant, State Tax Commission of Utah, contends that the interest is a personal property interest.

The lower court upheld the position of the State Tax Commission of Utah, and held the seller's interest, being personal property, the widow was not entitled to the statutory dower exclusion in determining inheritance tax due on the estate of the husband.

Appellant urges that the doctrine of equitable conversion is not applicable and the seller's interest in the property, subject to the contract of sale, should be regarded as real property interest for the purpose of tax assessment by the Utah State Tax Commission.

The doctrine of equitable estoppel and its effect is set forth in 1 Pomeroy Equity Jurisprudence, 105, 5th Ed. 1941, at page 135:

. . . equity says that from the contract, even while yet executory, the

vendee acquires a "real" right, a right of property in the land, which though lacking in legal title, and therefore equitable only, is none the less the real, beneficial ownership, subject however, to a lien of the vendor as security for the purchase price as long as that remains unpaid. *This property in the land, upon the death of the vendee, descends to his heirs, or passes to his devisees, and is liable to the dower of his widow. The vendor still holds the legal title,* but only as trustee, and he in turn acquires equitable ownership of the purchase-money; *his property,* as viewed by equity, *is no longer real estate, in the land, but personal estate, in the price,* and if he dies before payment, it goes to his administrators, and not to his heirs. . . . [Emphasis added.]

This court held, in Allred v. Allred, 15 Utah 2d 396, 393 P.2d 791:

As a general rule an enforceable executory contract of sale has the effect of converting the interest of the vendor of real property to personalty. [Citing 19 Am.Jur., Equitable Conversion p. 11, Sec. 11; 1 Tiffany, Real Property, 3rd Ed., Sec. 310a; Calvin v. Custer County, 111 Mont. 162, 107 P.2d 134; Re Baker's Estate, 247 Iowa 1380, 78 N.W.2d 863, 64 A.L.R.2d 902.]

Authorities state that, pending the completion of an enforceable executory contract for the sale of real estate, the real estate is, as to the vendor, regarded as converted into personalty from the time of the execution of the contract. Bucher v. Young, 94 Ind.App. 586, 158 N.E. 581 (1927); 18 C.J.S. Conversion § 12, 51–52; 27 Am.Jur. 491.

The sellers, Raymond H. Willson and Edna R. Willson, husband and wife, were parties to an enforceable contract for sale of the real property, upon which they could have sued for specific performance in the event the buyers refused to perform their part of the contract. Sellers intended to sell and did sell the real property in return for money payments and the buyers did intend to pay money and did make all payments due and perform other obligations pursuant to the contract.

The fact that the seller retains bare legal title, does not have possession, use or control of the property, the transfer of legal title and record title being dependent only upon the acts and conduct of the buyer, it would appear that the interest of the seller was properly taxed by the State Tax Commission of Utah as personal property, and the judgment of the lower court should be affirmed.

The plaintiff-appellant, Edna R. Willson, was a party to the agreement to sell the real property and a relinquishment of her dower rights, given her pursuant to the provisions of the Utah Statutes, Section 74-4-3, U.C.A.1953. In re Madsen's Estate, 123 Utah 327, 259 P.2d 595 (1953), this court held that a widow had no dower

 

right in property where she had executed, with her husband, a contract to sell the property.

The judgment of the court below is affirmed. Respondent is entitled to costs.

CALLISTER, C. J., and TUCKETT, ELLETT and CROCKETT, JJ., concur.

HENRIOD, J., having disqualified himself, does not participate herein.