Bryce C. REYNOLDS and LaDonna Reynolds, his wife, Plaintiffs and Appellants,

v.

Stewart VAN WAGONER, Defendant.

RICHLAND, INC., Plaintiff in Intervention and Respondent,

v.

Bryce C. REYNOLDS, and LaDonna Reynolds, his wife, and Salt Lake County, Defendants in Intervention and Appellants.

No. 15715.

Supreme Court of Utah.

Feb. 22, 1979.

John H. Allen, of Callister, Green & Nebeker, Merril K. Davis, Salt Lake City, for plaintiffs and appellants.

Craig G. Adamson, Wayne G. Petty, of Moyle & Draper, Salt Lake City, for defendant.

MAUGHAN, Justice:

This is an appeal from a judgment in favor of Richland, establishing his rights in real property purchased from Bryce Reynolds, a bankrupt, and his wife, under permission of the Bankruptcy Court. The judgment is affirmed, with costs on appeal to Richland.

Reynolds sold the property to Richland under a monthly payment Uniform Real Estate Contract, in which they reserved all rights and duties therein, except for a specific provision that the monthly payments would go to Motor Lease, Inc., Reynolds' secured creditor. The documents of transfer were to be escrowed with First Security Bank. The agreement further provided in paragraph 14 the following:

> In the event the Buyer shall default in the payment of any special or general taxes, assessments or insurance premiums as herein provided, the Seller may, at his option, pay said taxes, assessments and insurance premiums or either of them, and if Seller elects so to do, then Buyer agrees to repay the Seller upon demand, all such sums so advanced and paid by him together with interest thereon from the date of payment of said sums at the rate of ¾ of one percent per month until paid.

Richland, as Buyer, leased the premises to defendant, Van Wagoner. During the

years 1972 through 1975, the taxes were not paid; in May, 1976, Reynolds paid the taxes and received an auditor's tax deed, which, they used to claim title to the property. Thereafter, they instigated this litigation to oust Van Wagoner, as lessee, which provoked Richland's intervention.

Reynolds assert they are entitled to the property because Richland "abandoned" them as a party to the contract. As evidence in support of this claim, Reynolds argue that they had no responsibilities under the agreement, because the documents of transfer were in escrow with First Security Bank. Furthermore, they claim the assignment to Motor Lease, Inc. of the monthly payments removed from them the right to obtain payment for a debt owed, which was the only benefit to them under the contract according to the doctrine of equitable conversion. Richland, however, tendered the full amount of taxes, interest and penalty which Reynolds had paid to the county, and argues that Reynolds have no right to the property, according to the contract terms or principles of equity. The trial court did not view Reynolds' contention with favor, and observed the tax deed inured to the benefit and credit of Richland, who was buying the property.

■ The evidence shows no intent by Richland to abandon Reynolds as a party to the contract, contrary to Reynolds' assertion. The mere fact that Reynolds had no regular responsibilities under the escrow agreement does not indicate any intent by Richland to abandon them as a party to the Uniform Real Estate Contract, particularly where the assignment of Motor Lease, Inc. of the sums due under the contract specifically reserved in Reynolds the rights and duties of the seller under the Uniform Real Estate Contract. In *King v. Firm*[1] this Court concluded that the parties had abandoned a note and mortgage, as evidenced by their actions, and we noted that " '. . . a contract will be treated as abandoned

where the acts of one party, inconsistent with [the existence of the contract], are acquiesced in by the other [party].' "[2] Reynolds have failed to show any inconsistent actions on the part of Richland in which Reynolds could acquiesce, for purposes of abandoning their contractual obligations.

■ Nor does the doctrine of equitable conversion afford Reynolds any relief. Although this Court has on occasion applied that doctrine to achieve equitable results,[3] it cannot be invoked to alter contractual commitments made by the parties, and is not applicable to the situation at hand.

By the express terms of the Uniform Real Estate Contract, quoted above, Reynolds were entitled to pay taxes accrued on the property; the buyer (Richland) was then obligated to repay the seller all such sums advanced, which Richland attempted to do. Reynolds were entitled to no more than that, as the district court properly held.

CROCKETT, C. J., and WILKINS, HALL and STEWART, JJ., concur.

1.   3 Utah 2d 419, 285 P.2d 1114 (1955).

2.   Id. at 3 Utah 2d 424, 285 P.2d at 1117, quoting 12 Am.Jur., Contracts, § 442, p. 1024.

3.   *Allred v. Allred,* 15 Utah 2d 396, 393 P.2d 791 (1964); *In re Estate of Willson,* 28 Utah 2d 197, 499 P.2d 1298 (1972).