C & J INDUSTRIES, INC., a corporation, A. Robert Collins and Glade N. James, Plaintiffs and Respondents,

v.

Edward O. BAILEY and Ruth C. Bailey, his wife, Defendants and Appellants.

No. 16648.

Supreme Court of Utah.

Sept. 29, 1980.

T. Quentin Cannon, Salt Lake City, for defendants and appellants.

Kay M. Lewis, Salt Lake City, for plaintiffs and respondents.

WILKINS, Justice:

This is a declaratory judgment action [1] seeking a declaration that the terms of a uniform real estate contract (hereafter "first contract") by and between Plaintiff C & J Industries, Inc., (hereafter "C & J" and Defendants Edward O. and Ruth C. Bailey (hereafter "Baileys"), had not been violated by C & J. Specifically, the issue before the District Court was whether a second uniform real estate contract (hereafter "second contract") by and between Collins and James as sellers and one Jay L. Burgie as

1. Brought pursuant to § 78–33–1, Utah Code Ann., 1953, as amended, and Rule 57, Utah Rules of Civil Procedure.

buyer constituted a breach of paragraph 3(a) of the first contract. That paragraph provides:

> In the event Buyer desires to sell or assign, transfer or convey Buyer's rights under this contract or Buyer's interest in said premises then and in that event the Buyer must pay in full the outstanding balance due on this contract prior to said transaction.

The District Court granted plaintiffs' motion for summary judgment and denied that of defendants.

On April 13, 1978, C & J and the Baileys entered into the first contract whereby Baileys agreed to sell and C & J agreed to buy eleven lots situated in Salt Lake County, for the total price of $220,000.00 with no down payment and monthly payments of $2,297.31. Also on April 13, 1978, Collins and James signed a guaranty. Under the guaranty Collins and James agreed "to satisfy the obligations of said C & J Industries, Inc. under the terms of said Uniform Real Estate Contract . . ."

On March 9, 1979, Collins and James as sellers entered into the second contract with Jay L. Burgie as buyer of three of the lots covered by the Bailey contract. On April 4, 1979, Baileys prepared and sent to C & J, Collins, James, and Burgie a document entitled "Notice to Reinstate the Terms of the Contract to Purchase by Payment of all Delinquent Amounts Due and Owing by Virtue of the Sale of the Property Subject to Said Contract or Forfeit all Rights Under Said Contract." The gravamen of this notice was that the Baileys considered the second contract to be a breach of paragraph 3(a) of the first contract. The Baileys therefore demanded payment of the entire balance due within 30 days of service of the notice. Failing this, the first contract would be "terminated and canceled."

Thereafter, C & J, Collins and James sought the District Court's declaration that the second contract did not constitute a breach of any of the terms of the first contract. By granting plaintiffs' motion for summary judgment the District Court agreed with plaintiffs that no breach had occurred.

The primary issue presented to the District Court was whether a real estate contract operates as a sale, transfer or conveyance of real property or is merely an executory contract to sell, transfer or convey in the future.

■ It is clear that by their terms, both contracts here contemplate an agreement to sell and to buy real property. In the sense that the final act necessary to bring the purpose of the contract to fruition, that is, the conveyance of legal title, is to occur in the future, each contract is, technically, executory. However, to most persons, a real estate contract means that property has been sold and bought. As this Court stated in *Jelco, Incorporated v. Third Judicial District Court*: [2]

> In such an executory contract the vendee (Jelco) acquires all of the incidents of ownership except legal title. He is therefore in equity regarded as the owner of the property.[3]

So, while there are legal distinctions between a sale and a contract to sell—the validity of which we do not deny—we believe that the second contract here constitutes a transfer.

There is a further issue which must be resolved however before it can be concluded that paragraph 3(a) is triggered. It is apparent from the second contract—and the Baileys consistently point out—that the buyer under the first contract, C & J, is not the seller under the second contract. The Baileys argue that this Court must *assume* a transfer from C & J to Collins and James. We disagree. This Court cannot as a matter of law ignore the corporate status of C & J Industries, Inc., and thereby equate C

---

**2.** 29 Utah 2d 472, 511 P.2d 739 (1973).

**3.** *Id.*, 29 Utah 2d at 475, 511 P.2d at 741, citing *Willson v. State Tax Commission*, 28 Utah 2d 197, 499 P.2d 1298 (1972) and *Allred v. Allred,*

15 Utah 2d 396, 393 P.2d 791 (1964). See, also, 77 Am.Jur.2d, Vendor and Purchaser, § 397. The doctrine being applied is that of equitable conversion.

& J with the individuals Collins and James. This issue does, however, present a factual question which must be determined by the District Court. It is therefore necessary to remand this matter for a determination of whether, in acting as sellers under the second contract, Collins and James were acting for C & J. If it is determined that they were, then judgment should be entered for defendants (Baileys). If the opposite is determined, judgment should be entered for plaintiffs.

 We find unpersuasive respondents' arguments that all eleven lots must be sold or transferred before paragraph 3(a) comes into play,[4] and that the Baileys have waived any breach that may have occurred by continuing to insist on monthly payments being made under the first contract.[5]

Reversed and remanded for further proceedings consistent with this opinion. No costs awarded.

MAUGHAN and HALL, JJ., concur.

CROCKETT, C. J., concurs in the result.

STEWART, J., dissents.

---

Ronald L. Elton, Tooele County Atty., H. Wayne Green, Tooele, for plaintiff and appellant.

Edward K. Brass, Robert Van Sciver, Salt Lake City, for defendant and respondent.

---

4. We believe that the first contract is not severable or divisible. See, generally, 17 Am.Jur.2d, Contracts, §§ 324–328.

5. The Notice sent by Baileys which was referred to *ante*, does not declare a termination of the contract. It merely expresses the Baileys' intent to terminate the contract if certain conditions are not met.