David L. LACH, Bonnie Oswald, Kathleen Call and Lach Family Partnership, Plaintiffs–Appellants,

v.

DESERET BANK (formerly Bank of Pleasant Grove), Defendant–Respondent.

No. 860170–CA.

Court of Appeals of Utah.

Dec. 7, 1987.

Rehearing Denied Jan. 14, 1988.

---

John B. Wilson, Lois A. Baar, Parsons, Behle & Latimer, Salt Lake City, for plaintiffs-appellants.

Heber Grant Ivins, American Fork, for defendant-respondent.

## OPINION

Before BILLINGS, BENCH and GARFF, JJ.

BILLINGS, Judge:

Plaintiffs–Appellants David L. Lach, Bonnie Oswald, and Kathleen Call are partners in the Lach Family Partnership ("Lach"). Lach brought this action seeking a declaratory judgment pursuant to Utah Code Ann. § 78–33–1 (1987) that Deseret Bank ("the Bank"), a judgment creditor, had no judgment lien against property conveyed to Lach by judgment debtors Thomas and Alice Dewsnup (the "Dewsnups").

The matter came before the trial judge on cross motions for summary judgment. Lach appeals from a grant of the Bank's cross motion for summary judgment and a denial of Lach's motion for summary judgment. We reverse.

## I. FACTS

The following facts are properly before this court. Beginning in October 1980, Lach entered into negotiations with the Dewsnups for the purchase of the Pink Cliffs Village property (the "property"). An earnest money receipt and offer to purchase agreement ("Earnest Money Agreement") was signed on November 28, 1980 by the Dewsnups as sellers and David Lach on behalf of the partnership as buyer.

On the same day the Earnest Money Agreement was signed, the Dewsnups executed and delivered to Lach an assignment of contract and quitclaim deed in favor of Foothill Properties, a name under which David Lach conducts business.

Sometime after January 1981, Lach received notice of an unsatisfied judgment in the amount of $49,000 plus interest and attorney's fees against the Dewsnups in favor of the Bank, docketed in the Garfield County Clerk's office on December 12, 1980.

On January 6, 1981, the transaction for the sale of the property closed with the execution of a real estate contract between Lach as purchaser and the Dewsnups as sellers.

## II. STANDARD OF REVIEW

Lach claims the trial court erred in granting the Bank's cross motion for summary judgment because the Bank did not dispute Lach's statement of uncontroverted facts and those facts compelled summary judgment as a matter of law in favor of Lach. Specifically, Lach claims there was nothing before the judge to support his finding that in this case, the "practice of giving ... a deed on each Earnest Money Agreement could be used to commit fraud on sellers creditors." Lach contends the court's ruling for the Bank was based upon speculation about facts not before the court and contrary to law.

Summary judgment should be granted only when it is clear from the undisputed facts that the opposing party cannot prevail. *Frisbee v. K & K Const. Co.*, 676 P.2d 387, 389 (Utah 1984); *see*

Utah R.Civ.P. 56(c). In considering a summary judgment motion, the court must evaluate all the evidence and all reasonable inferences fairly drawn from the evidence in a light most favorable to the party opposing summary judgment. *Frisbee*, 676 P.2d at 389.

This Court must determine whether the undisputed facts support the trial court's conclusion that the Bank's judgment lien, as a matter of law, supersedes a predated deed and a predated earnest money agreement.

## III. PRIORITY BETWEEN JUDGMENT LIENS AND PREDATED DEEDS

The controlling statutory provision on judgment liens is Utah Code Ann. § 78-22-1 (1987):

*From the time the judgment* of the district court or circuit court *is docketed* and filed in the office of the clerk of the district court of the county *it becomes a lien upon all the real property of the judgment debtor*, not exempt from execution, in the county in which the judgment is entered, *owned by him at the time or by him thereafter acquired during the existence of said lien.*

(emphasis added).

In *Kartchner v. State Tax Commission*, 4 Utah 2d 382, 294 P.2d 790, 791 (1956), the Utah Supreme Court held that a judgment lien is "subordinate and inferior to a deed which predate[s] it, whether recorded after such judgment or whether not recorded at all." *Accord Lund v. Donihue*, 674 P.2d 107, 109 (Utah 1983); *Johnson v. Casper*, 75 Idaho 256, 270 P.2d 1012, 1015 (1954); *Teed v. Ridco Realty*, 134 Ariz. 258, 655 P.2d 798 (1982); *Wilson v. Willamette Industries, Inc.*, 280 Or. 45, 569 P.2d 609, 611 (1977).

Utah law is clear. A judgment creditor cannot place a lien against the property of a judgment debtor's grantee. In the present case, under the undisputed facts sworn to in Lach's affidavit, the Dewsnups (judgment debtors) quitclaimed the property to Lach on November 28,

1980.[1] The Bank did not docket its judgment against the Dewsnups until December 12, 1980. Therefore, the Bank did not effect a lien on the property and the trial court improperly denied summary judgment to Lach.

## IV. EQUITABLE CONVERSION

Because the trial judge was concerned by the unique procedure of the execution of a quitclaim deed on the same day the earnest money agreement was signed, we further consider the doctrine of equitable conversion, as it applies to the earnest money agreement. However, we emphasize that there were simply no facts in the record to support the trial judge's speculation that the execution of a deed on the same date as the earnest money agreement was intended to, or operated as, a fraud on the Bank.

■ Under the previously recited facts, the Dewsnups, as judgment debtors, had no real property interest in the property to which any judgment lien could attach. The doctrine of equitable conversion provides that "an enforceable executory contract of sale [upon which an action for specific performance could be brought] has the effect of converting the interest of the vendor of real property to personalty." *Willson v. State Tax Commission*, 28 Utah 2d 197, 499 P.2d 1298, 1300 (1972) (quoting *Allred v. Allred*, 15 Utah 2d 396, 393 P.2d 791, 792 (1964)). The purchaser acquires the equitable interest in the property at the moment the contract is created and is thereafter treated as the owner of the land. *Jelco, Inc. v. Third Judicial District Court*, 29 Utah 2d 472, 511 P.2d 739, 741 (1973).

■ An earnest money agreement is a legally binding executory contract for the sale of real property. *Bunnell v. Bills*, 13 Utah 2d 83, 368 P.2d 597, 599 (1962); *see also Eliason v. Watts*, 615 P.2d 427, 429 (Utah 1980). Consequently, no judgment lien can be created by a judgment docketed against a seller after the seller executes a binding earnest money contract.

■ The Bank claims that conditions attached to the earnest money agreement in an addendum preclude enforcement of the contract. The addendum states that the parties must find a "solution of problems with drain fields, septic tank, and water system." Even if we were to consider these as conditions, the Utah Supreme Court has held that conditions in a contract may be waived by the benefited party and do not preclude specific performance. *Eliason v. Watts*, 615 P.2d at 430. In the present case, at its option, Lach was entitled to demand performance of the drain field, septic tank and water system provisions. Thus, those provisions do not affect the validity of the earnest money agreement, which is a legally binding contract for the sale of real property. *Bunnell v. Bills*, 368 P.2d at 599.

■ The Bank further relies on the fact that the full purchase price was not paid prior to when the judgment was docketed. However, whether the buyer pays the full purchase price before the judgment is docketed is immaterial under the doctrine of equitable conversion. In *Allred v. Allred,* the Utah Supreme Court relied on equitable conversion in declaring that a purchaser under an executory contract for the purchase of realty has an equitable interest in the property while the seller's interest is "converted to the *right to receive the proceeds* under the contract of sale." *Allred,* 393 P.2d at 792 (emphasis added).

■ Nor is it material whether the vendor retains possession of the property subject to conveyance at a later date. *Utah State Medical Association v. Utah State Employees Credit Union*, 655 P.2d 643, 644 (Utah 1982).

■ In the case at bar, Lach executed a binding earnest money agreement on November 28, 1980. Regardless of the effect of executing the deed on the same day, the Earnest Money Agreement precludes the attachment of the Bank's judgment lien. When this agreement was executed, Lach became the equitable owner of the property

---

1. The Bank complains that the deed was to Foothill Properties. This is not helpful to the Bank's position since, in any event, the property no longer legally belonged to the Dewsnups.

and the judgment debtors, the Dewsnups, held only a personalty interest in the property. The Bank's docketing of a judgment against the Dewsnups on December 12, 1980 did not create a judgment lien against the property because the Dewsnups did not then have a real property interest to which the lien could attach. Under the uncontroverted facts, and as a matter of law, Lach owns the property free from any judgment lien in favor of the Bank and the trial court improperly denied Lach's motion for summary judgment.

The judgment of the trial court is reversed and this case is remanded for the entry of judgment in favor of the Lachs. No costs awarded.

BENCH and GARFF, JJ., concur.