Arthur MYLES, Defendant-Appellant,

v.

Owen E. FLORA, Jr., Plaintiff-Appellee.

No. 1-1283A379.

Court of Appeals of Indiana, First District.

May 7, 1984.

Keith R. Lyman, Terre Haute, for defendant-appellant.

NEAL, Presiding Judge.

## STATEMENT OF THE CASE

Defendant-appellant, Arthur Myles (Myles) appeals a judgment rendered by the Vigo County Court, Division 4, in favor of Owen E. Flora (Flora). Myles challenges the court's ruling in a proceeding supplemental that a savings and loan deposit was intangible personal property for the purpose of exemption from execution under IND.CODE 34–2–28–1.

We affirm.

## STATEMENT OF THE FACTS

Flora obtained a judgment for labor and material against Myles for $1500.00, interest and costs. Thereafter in proceedings supplemental, the court ordered the garnishee defendant, Valley Federal Savings and Loan, to pay to the court a deposit of Myles in the sum of $942.46 for application on the judgment. The court allowed an exemption of $100.00 from levy under IND. CODE 34–2–28–1(c) on the theory that the deposit was an intangible. Myles contends that the deposit is cash and as such is tangible personal property. Therefore, a $4000.00 exemption from execution should be allowed under subparagraph (b).

No appellee brief has been filed, and we will reverse if the appellant's brief makes a prima facie case of error. *Muscatatuck State School v. Derringer*, (1963) 244 Ind. 318, 192 N.E.2d 735.

## DISCUSSION AND DECISION

IND.CODE 34–2–28–1 sets out a list of exemptions from levy and execution for any debt growing out of a contract, express or implied; subsection (b) provides an exemption for tangible personal property of a value of $4000.00, while subparagraph (c) provides an exemption for intangible personal property of a value of $100.00. Intangible personal property is property which has no intrinsic value but is merely representative or evidence of value, such as stock certificates, bonds, or promissory notes. 73 C.J.S. *Property* 5 (1951). The relationship between a bank and a depositor is ordinarily that of debtor and creditor. *City National Bank of Auburn v. Brink, Trustee*, (1933) 98 Ind.App. 275, 187 N.E. 689; *State ex rel. Board of Finance of Washington Township v. Aetna Casualty*, (1934) 100 Ind.App. 46, 189 N.E. 536. A debt is a chose in action, as opposed to a chose in possession. Black's Law Dictionary 305 (rev. 4th ed. 1968).

Indiana, under the intangible tax statutes, treats deposits and building and loan or savings and loan stock as intangible. IND.CODE 6–5.1–1–1 states:

"The term 'intangible' includes:

(5) a postal savings certificate;

(7) a deposit of money;

(8) a loan account;

(9) a debt instrument with interest coupons;

(10) a registered corporate security evidencing a debt;

(14) a written contract for the payment of money;

(15) an instrument bearing interest..."

IND.CODE 6–5.1–5–7 establishes exemption:

"A person is exempt from the intangible tax measured by the following intangibles:

(4) stock of:

(A) a bank;

(B) a building and loan association;

(C) a rural loan and savings association;

(D) a guaranty loan and savings association."

We do not know the exact nature of the transaction at Valley Federal Savings and Loan. Some building and loans characterize their deposits as shares of stock, others as deposits. *See* IND.CODE 28-1-21-1, 2; IND.CODE 28-6-1-1 *et seq;* IND. CODE 28-7-1-1 *et seq.* However, as shown by the authorities, it is not material to the exemption that it is one or the other. All are intangibles. The application of the $100.00 exemption is correct. Myles' basic premise that the deposit was cash or money is erroneous.

For the above reason, this cause is affirmed.

Judgment affirmed.

ROBERTSON and RATLIFF, JJ., concur.