CUDAHY, Circuit Judge.
Ward W. Miller, the trustee in bankruptcy, appeals an order of the district court affirming an order of the bankruptcy court which held that the debtors’ interest in a contract for the sale of real estate was itself real property under the law of Indiana, and so exempt from the estate. The sole issue on appeal is whether the interest had by a seller in an installment contract for sale of real estate is itself classified as real property under Indiana law and so exempt from the bankruptcy estate under the Indiana exemption statute, Ind. Code § 34-2-28-l(b) (1982). We conclude that such an interest is intangible personalty, and so reverse the order of the district court.
*925 I.
The debtors, Mr. and Mrs. Jones, were the owners in fee simple of a parcel of real estate located in Allen County, Indiana. On March 25, 1982, the Joneses sold that real estate pursuant to a contract for the conditional sale of real estate. A substantial down payment was made on the date of contract, but the Joneses still had significant equity in the real estate on July 21, 1982. On that date the Joneses filed a voluntary petition under chapter VII of the Bankruptcy Code.[1]
After the Joneses filed for bankruptcy their interest in the subject real estate became part of their bankruptcy estate. The trustee completed the performance of the contract for sale of the real estate on March 30, 1983. After satisfaction of mortgage liens and closing expenses the trustee received the net sum of $1,600.40, which represented the Joneses’ remaining equity in the real estate.
On July 21, 1983, the Joneses filed an amended Schedule B-4, claiming as exempt, inter alia, $6,800.00 equity in the real estate already sold, contending it was either tangible personal property or real estate. The trustee objected, contending that the Joneses’ interest in the contract was, as a matter of Indiana law, no longer real estate on the bankruptcy filing date. The Bankruptcy Court for the Northern District of Indiana, Fort Wayne Division, issued an order on April 9, 1984, in which it noted that the property was not the residence of the Joneses but nonetheless held that the Joneses had an ownership interest in the real estate that enabled them to retain all proceeds as exempt under section 34-2-28-l(b) of the Indiana Code. In re Jones, No. 82-10717 (Bankr.N.D.Ind. April 9, 1984).
The trustee filed a timely motion to alter judgment and, after that was denied by written order, In re Jones, No. 82-10717 (Bankr.N.D.Ind. Aug. 3, 1984), perfected a timely appeal to the district court. Oral argument was held on the appeal on November 1, 1984, at the conclusion of which the district judge affirmed the bankruptcy court in an oral opinion and order. The trustee filed a notice of appeal to this court on November 14, 1984; his appeal was docketed two days later. On December 11, 1984, the district court issued a written opinion explicating its order of November 1st.[2] Our jurisdiction is founded on 28 U.S.C. § 158(d) (1984).[3]
*926 II.
Section 541 of the Bankruptcy Code provides for the creation of a bankruptcy estate, and defines the property of the estate. 11 U.S.C. § 541. In relevant part, section 541 provides:
§ 541. Property of the estate.
(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located:
(1) _ all legal or equitable interests of the debtor in property as of the commencement of the case.

(d) Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under subsection (a) of this section only to the extent of the debtor’s legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.
Upon the filing of a petition all of the debtor’s property becomes property of the estate. The scope of the property defined by section 541 to be property of the estate is broad; in general, all interests of a debtor, both legal and equitable, are property of the estate. United States v. Whiting Pools, Inc., 462 U.S. 198, 204-05 & nn. 8, 9, 103 S.Ct. 2309, 2313 & nn. 8, 9, 76 L.Ed.2d 515 (1983). The underlying theory of the section “is to bring into the estate all interests of the debtor in property as of the date the case is commenced. Thus, as a general rule, the estate created under section 541 will include all legal or equitable interests of the debtor in property, both tangible and intangible, including exempt property,_” 4 L.P. King, ed., Collier on Bankruptcy 11541.06 at 541-28 (15th ed. 1985)(“Collier”). See Matter of Smith, 640 F.2d 888, 890 (7th Cir.1981). Thus “any rights the debtor may have as a lienor or mortgagee will become property of the estate.” 4 Collier 11 541.07[5] at 541-32. This includes any right of action arising from a contract. 4 Collier 11 541.- *927 10[5] at 541-65. However, the estate’s rights are limited to those had by the debt- or: “whatever rights a debtor had at the commencement of the case continue in bankruptcy — no more, no less.” Moody v. Amoco Oil Co., 734 F.2d 1200, 1213 (7th Cir.1984). Subsection 541(d) provides that property to which the debtor holds legal title but not full equitable title becomes property of the estate but only to the extent of the debtor’s legal title and not including any equitable interest in the property not held by the debtor.
Whether the debtor has an interest in property and, if he does, the nature of that interest, is not defined in the Code, and requires resort to non-bankruptcy law. 4 Collier 11541.02[1] at 541-10 — 541-11. Generally this means resort to state law, both to determine whether property is an asset of the debtor, and so included in the estate, In re K & L Ltd., 741 F.2d 1023, 1030 n. 7 (7th Cir.1984), and to determine the nature of the property rights in the assets of the estate, Butner v. United States, 440 U.S. 48, 54-55, 99 S.Ct. 914, 917-18, 59 L.Ed.2d 136 (1979). There is no dispute that whatever the Joneses owned at the time they filed their petition was an interest in property and became part of the property of the estate. Dist.Ct. Order at 5; Joneses’ Br. at 8. They retained legal title to the real estate and an equitable interest equal to the unpaid purchase price less mortgage liens and expenses. However this interest may be characterized under Indiana law, it was an interest in property and properly includable in the estate.
Section 522 of the Code provides that certain property of the estate may be exempted by the debtor. 11 U.S.C. § 522(b). In general, the debtor may elect between exemptions as defined under subsection 522(d) of the Code or as defined under state law and federal law other than subsection 522(d). 11 U.S.C. § 522(b)(1) and (2). However, subsection 522(b)(1) also provides an opt-out provision pursuant to which a state may veto the 522(d) exemptions and limit debtors subject to its law to state exemptions. 11 U.S.C. § 522(b)(1). A substantial majority of the states, thirty-six at last count, 3 Collier II 522.02 at 522-12 n. 4a, have exercised this option, and Indiana is among them.
Indiana Code § 34-2-28-0.5 precludes use of the federal subsection 522(d) exemptions. The debtor may exempt from the estate only that property specified by Indiana law. Ind. Code § 34-2-28-0.5 (1982). Section 34-2-28-1 of the Indiana Code, which lists certain exemptions, provides in relevant part as follows:
34-2-28-1. List of exemptions; limitations.
The following property of a debtor domiciled in the state of Indiana shall not be liable for levy or sale on execution or any other final process from a court, for any debt growing out of or founded upon a contract express or implied.
* * * * * *
(b) Other [i.e., nonresidential] real estate or tangible personal property of the value of four thousand dollars ($4,000).
(c) Intangible personal property, including choses in action (but excluding debts owing and income owing), of the value of one hundred dollars ($100.00).
Ind. Code § 34-2-28-1 (1982). It is important to note that the statute exempts “other real estate;” it does not exempt an interest in real estate unless, of course, that interest is classified as real estate. The question before us is whether that which the Joneses owned as of the date the estate was created, concededly an interest in real estate and also property of the estate, is “real estate” and so exempt under section 34-2-28-l(b). If not, it must be intangible personal property and -subject to section 34-2-28-l(c).
Indiana has adopted a lien theory to describe the vendor’s interest after consummation of a conditional (executory, installment) contract for the sale of land. Finley v. Chain, 176 Ind.App. 66, 80-81, 374 N.E.2d 67, 78 (1st Dist.1978) overruled on other grounds, Morris v. Weigle, 270 Ind. 121, 383 N.E.2d 341 (1978). Thus the inter *928 est of the vendor in the realty is analogous to that of a mortgagee. Id., 176 Ind.App. at 80, 374 N.E.2d at 78. This analogy has been explained by the Indiana Supreme Court:
Under a typical conditional land contract, the vendor retains legal title until the total contract price is paid by the vendee. Payments are generally made in periodic installments. Legal title does not vest in the vendee until the contract terms are satisfied, but equitable title vests in the vendee at the time the contract is consummated. When the parties enter into the contract, all incidents of ownership accrue to the vendee. Thompson v. Norton (1860), 14 Ind. 187. The vendee assumes the risk of loss and is the recipient of all appreciation in value. Thompson, supra. The vendee, as equitable owner, is responsible for taxes. Stark v. Kreyling (1934), 207 Ind. 128, 188 N.E. 680. The vendee has a sufficient interest in land so that upon sale of that interest, he holds a vendor’s lien. Baldwin v. Siddons (1910), 46 Ind.App. 313, 90 N.E. 1055, 92 N.E. 349.
This Court has held, consistent with the above notions of equitable ownership, that a land contract, once consummated constitutes a present sale and purchase. The vendor “ ‘has in effect, exchanged his property for the nonconditional obligation of the vendee, the performance of which is secured by the retention of the legal title.’ ” Stark v. Kreyling, supra, 207 Ind. at 135, 188 N.E. at 682. The Court, in effect, views a conditional land contract as a sale with a security interest in the form of legal title reserved by the vendor. Conceptually, therefore, the retention of the title by the vendor is the same as reserving a lien or mortgage. Realistically, vendor-Vendee should be viewed as mortgagee-mortgagor. To conceive of the relationship in different terms is to pay homage to form over substance. See Principles of Equity, Clark, 4th edition, Sec. 9, p. 23.
Skendzel v. Marshall, 261 Ind. 226, 234, 301 N.E.2d 641, 646 (1973), cert. denied, 415 U.S. 921, 94 S.Ct. 1421, 39 L.Ed.2d 476 (1974).
Thus a conditional land sales contract is in the nature of a secured transaction. Id. at 241, 301 N.E.2d at 650; Stark v. Kreyling, 207 Ind. 128, 135, 188 N.E. 680, 682 (1934). The vendee owns the real estate, and has all the rights of ownership, subject only to not wasting the realty so as to impair the vendor’s security interest. Knarr v. Conaway, 42 Ind. 260, 265 (1873); Finley v. Chain, 176 Ind.App. at 79, 374 N.E.2d at 77. The vendor has a security interest for the unpaid balance of the purchase price. Oles v. Plummer, 444 N.E.2d 879, 882 (Ind.App., 1st Dist.1983). The vendor, therefore, merely owns a lien. While a lien is property, it is not real estate even if it is a lien on real estate. Rather, a lien is intangible personalty.
Indiana subscribes to the doctrine of equitable conversion, under which the interest of the vendee under an executory contract for the sale of land is deemed realty and the interest of the vendor is personalty. Board of Commissioners v. Midwest Associates, Inc., 144 Ind.App. 264, 273-75, 245 N.E.2d 853, 858 (1st Div.1969), transfer denied, 253 Ind. 551, 255 N.E.2d 807 (1970); Bucher v. Young, 94 Ind.App. 586, 590, 158 N.E. 581, 582 (1927), transfer denied (1932); Colignon v. Artz, 205 Wis. 51, 55, 236 N.W. 585, 586 (1931); 6 West’s Indiana Law ENCYCLOPEDIA, Conversion § 1 at 337-38 (1958). Thus the interest had by the vendor in real estate after execution of the contract becomes personal property. Colignon v. Artz, 205 Wis. at 55, 236 N.W. at 586. Similarly, if the vendor dies intestate the interest in the property secured by the retained title is personalty and will be distributed as such. Ind. Code § 29-1-13-6 (1982); Henson v. Ott, 7 Ind. 512, 515 (1856).
Our conclusion that the debtors’ interest in the conditional land sale contract is not realty finds support in the Indiana intangibles tax statute. Ind. Code § 6-5.1-1-1 et seq. (1982). The definitions in this statute have been used to define the nature of property for purposes of the section 34-2- *929 28-1 exemptions. Myles v. Flora, 462 N.E.2d 1319, 1320-21 (Ind.App., 1st Dist. 1984). Section 6-5.1-1-1 of the intangibles tax statute defines “intangible” to include, inter alia:
(11) a written instrument or certificate evidencing a debt, including a mortgage, a chattel mortgage, a bill of sale, and a conditional sales contract;
:}: % # ijt i}s
(13) a written instrument evidencing an exchange of property when the ultimate transfer of title is intended; [and]
(14) a written contract for payment of money[.]
Ind. Code § 6-5.1-1-1 (1982) (emphasis added). The conditional sales contract involved here, on its own or as a lien-interest in the property had by the debtors under the mortgage theory of Skendzel, is an intangible under the definitions of the intangibles tax. Since the intangibles tax definitions can be used to classify property for purposes of the statutory exemptions of section 34-2-28-1, Myles v. Flora, supra, the interest had by the debtors here is an intangible.
We also note that the Indiana Court of Appeals interpreted the Indiana mortgage deduction statute, a part of the property tax statute which allows a deduction from the assessed value of the real estate, to not allow the deduction for land contract purchasers. The court adopted the theory that vendees under a conditional sales agreement neither held legal title nor (contrary to Skendzel) owed a debt secured by a mortgage on the real property. Hawkins v. Marion County Board of Review, 182 Ind.App. 205, 394 N.E.2d 957 (4th Dist.1979). In response, the legislature promptly amended the statute to clearly allow land contract purchasers to claim the exemption. Ind. Code § 6-l.l-12-l(a)(2) (1982). Rushville Production Credit Association v. Mohr, 42 B.R. 1000, 1003 (S.D. Ind.1984).
The interest had by the debtors is classified as a lien or mortgage under Skendzel. Under the doctrine of equitable conversion it is treated as personalty at the time the contract is signed. It would descend as personalty if the debtors were to die intestate. Finally, it is an intangible under the intangibles tax definitions. Therefore we believe it is properly classifiable under Indiana law as intangible personalty. We conclude that it is not real estate exempt from the bankruptcy estate under section 34-2-28-l(b).[4]
The arguments made by the debtors, the bankruptcy court and the district court reduce essentially to three. The most plausible of these arguments is that given by the bankruptcy court. That court noted that the debtors had legal title in the property and therefore had an interest in the property claimed as exempt. The court also correctly noted that when real estate is sold by court order the proceeds retain their original character as realty. The court then concluded that the debtors’ interest was realty and so exempt under section 34-2-28-l(b). This conclusion would be unexceptionable if, as the bankruptcy court apparently assumed, the interest was realty at the time the petition was filed. But, as we have explained above, it is not.
The bankruptcy court did correctly note that Skendzel does not state that a contract vendor retains only a security interest but states instead that the vendor retains legal title. It also correctly noted that Skendzel is not an interpretation of the exemption statute. But it does not follow that the bankruptcy court’s order was consistent with that decision.
The other arguments have less merit. Both the district court and the debtors argue that because th,e debtors had sufficient interest in the property under state law to sweep it into the estate under section 541, therefore they had sufficient interest for an exemption under section 34-2-28-l(b). *930 But section 541 is expressly designed to sweep everything into the estate. It is only if the property brought into the estate is of the type that is exempted under the exemption statutes that it is thrown back out of the estate. And, although it is true that an interest in real property is itself property (for it is something that can be owned), it does not follow from that that an interest in real property is necessarily classified as real property.
Nor does the fact that state exemption law is a substitute for the federal section 522(d) exemptions entail that there should be no difference of result under the two schemes, as the district court apparently believed. The election and veto provisions were legislative compromises adopting the principle that there could be different results under the two (state and federal) schemes. Also, the fact that the debtors had a legal interest in property does not make Skendzel “not instructive,” for that decision is premised on the retention of legal title by the vendors.
In addition to these arguments, the debtors rely on the fact that under the contract they retained the right to mortgage their interest (up to the value of their equity in the property). But this is not determinative. The contract was a standard form conditional land sale contract. Under it the vendees acquired the right to possession and the obligation to pay taxes and assessments, and to insure the property. Apparently the vendees also bore the risk of loss or gain. Thus the contract is the typical sort of contract discussed in Skendzel. The fact that the vendors can grant a third party a security interest (for that is what a mortgage is) in their remaining interest does not of itself make that remaining interest real estate.
We agree with the debtors and the courts below that exemptions which take property out of the bankruptcy estate should be liberally construed. However, we do not believe that this rule should cause us to ignore the clear property classifications of Indiana law. We also believe that the long-run benefits of adherence to clear rules will outweigh the specific hardship on individual debtors caused by the strictness of the rules or our faithful interpretation of them.
For these reasons we conclude that the interest in real estate had by a vendor after the signing of an executory or conditional contract for the sale of land is itself intangible personalty under Indiana law. Therefore the debtors are not entitled to exempt it under Indiana Code section 34-2-28-1 (b). The order of the district court is REVERSED.

. The term "Bankruptcy Code” (or "Code”) refers to the codification of the Bankruptcy Reform Act of 1978, Pub.L. 95-598, 92 Stat. 2549, into title 11 of the United States Code. Both section 522 and section 541 of the Code were amended by the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. 98-353, 98 Stat. 363, but those amendments are not relevant to the issue of this appeal and are not applicable to cases filed before 90 days after July 10, 1984.
Neither party raises any issue concerning the jurisdiction of the bankruptcy court. The record does not indicate whether the petition was filed in the district court or directly in the bankruptcy court. In the former event, the case was presumably referred to the bankruptcy court pursuant to a general order of the district court. Since this matter arises under title 11, the bankruptcy court has jurisdiction. In re K & L Ltd., 741 F.2d 1023, 1028 n. 3 (7th Cir.1984).

. It is apparently the trial judge’s practice to dispose of bankruptcy cases by oral opinion. See Transcript of Oral Opinion, Record Item 11, at 2. The court enters a judgment and reserves the right to prepare a written order buttressing the oral analysis if a notice of appeal is subsequently filed. Apparently neither party objected to this procedure, and its propriety is not directly before us. There is a danger, of course, that in these circumstances the appellant will not have before him all the arguments later relied on in the written opinion. However, in this case the oral opinion clearly incorporated the bankruptcy court’s two written opinions. These opinions seem to us to express the appellees’ position more cogently than the district court’s later written opinion. So we see no prejudice to the trustee as a result of the district court’s waiting to see if an appeal would be taken before preparing a written opinion. So, if technically only the oral opinion and bankruptcy orders are before us because the district court lacked jurisdiction to enter its written opinion, we have an adequate basis for understanding the district court's reasoning and deciding this appeal.

.28 U.S.C. § 158 was enacted by section 104(a), title I of Pub.L. 98-353, the Bankruptcy Amend *926 ments and Federal Judgeship Act of 1984, 98 Stat. 341. The section took effect on the date of enactment of the act (July 10, 1984). In a series of recent opinions we have discussed the principles governing bankruptcy appeals. Cash Currency Exchange, Inc. v. Shine, 762 F.2d 542 (7th Cir.1985); Firestone Tire & Rubber Co. v. Goldblatt Bros., Inc., 758 F.2d 1248 (7th Cir.1985); In re Riggsby, 745 F.2d 1153 (7th Cir.1984). Generally (that is, with sortie exceptions not here relevant), a court of appeals has jurisdiction only over "final decisions, judgments, orders, and decrees” of the district court or of the bankruptcy appellate panel. 28 U.S;C. § 158(d). The district court has jurisdiction over appeals from "final judgments, orders, and decrees, and' with leave of the court, from interlocutory orders and decrees” of the bankruptcy judge. 28 U.S.C. § 158(a). These two subsections are virtually identical to their predecessors (28 U.S.C. §§ 1293 and 1334, respectively). Cash Currency Exchange, 762 F.2d at 546 n. 4; Matter of Riggsby, 745 F.2d at 1154, 1155. Cases under the new provisions have been used to interpret the old provisions, Cash Currency Exchange, 762 F.2d at 545-46 & n. 4, and we believe the reverse is also appropriate. See Matter of Riggsby, 745 F.2d at 1155.
An order of a bankruptcy judge allowing or disallowing an exemption is "final” for the purpose of appeal, John T. Mather Memorial Hospital v. Pearl, 723 F.2d 193, 194 n. 1 (2d Cir.1983), and an order of the district court denying an exemption is also “final,” In re White, 727 F.2d 884, 885-86 (9th Cir.1984). An order of the district court granting an exemption must also be "final,” for it takes the asset out of the estate and puts it beyond the reach of creditors. See In re White, 727 F.2d at 886; 1 L.P. King, ed., Collier On Bankruptcy ¶ 3.03[6][b] at 3-124 (15th ed. 1985). Therefore, the district court had appellate jurisdiction pursuant to 28 U.S.C. § 158(a) and this court does pursuant to 28 U.S.C. § 158(d).
Reference should also be made to the analysis in Matter of Barker, 768 F.2d 191, 192-94 (7th Cir.1985) (district court order affirming bankruptcy court’s decision denying the stacking of exemptions is final under 28 U.S.C. § 1293(b); thus court of appeals has jurisdiction).

. Since the interest is intangible personalty it falls under section 34-2-28-l(c), which provides a $100 exemption except when the intangible is a debt owed or owed income. The interest here is a debt owed with a security interest, and the debtors would appear to be entitled to no exemption at all.