JACQUELINE RAGAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ragan v. Commissioner
Docket No. 17119-90
United States Tax Court
T.C. Memo 1995-184; 1995 Tax Ct. Memo LEXIS 185; 69 T.C.M. (CCH) 2470; April 20, 1995, Filed *185 Decision will be entered under Rule 155. P and husband made a joint return of income for 1980. Tax liability was paid from wages of husband, which were sole management community property of husband under laws of Texas. Refund claim made for 1980 was not acted upon before husband declared bankruptcy. 1. Held: P's status with regard to refund claim under Federal tax law did not make any part of the refund claim her sole management community property under Texas law. 2. Held, further, in its entirety, the refund claim became property of the husband's bankruptcy estate when he filed his petition in bankruptcy. 3. Held, further, R has not asserted an affirmative defense of setoff, and we have no jurisdiction over property of the bankruptcy estate. For petitioner: Thomas E. Redding. For respondent: Lillian D. Brigman. HALPERN
HALPERN
MEMORANDUM OPINION HALPERN, Judge: Respondent has determined deficiencies, additions to tax, and additional interest with respect to petitioner's Federal income tax liabilities for the years 1980, 1981, and 1982. Apparently, the parties have settled or otherwise disposed of all issues raised by such determinations. This *186 case has been submitted for decision without trial, pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The parties agree that the issue for decision concerns a claim for refund raised by petitioner in the petition. Facts stipulated by the parties are so found. The stipulation of facts filed by the parties and attached exhibits are incorporated herein by this reference. Unless otherwise noted, all Rule references are to the Tax Court Rules of Practice and Procedure and all section references are to the Internal Revenue Code, as in effect for the years in issue. Background Residence
At the time the petition in this case was filed, petitioner resided in Houston, Texas. Petition
In the petition, petitioner states: "Additionally, Taxpayer has pending a claim for refund of overpaid income taxes for the year 1980 which was timely filed as a form 1040X and which Taxpayer requests that this be considered as a part of this Petition." Petitioner also states: "The Commissioner erroneously determined that a tax refund of $ 50,695.31 paid on September 26, 1989 to the Trustee in Bankruptcy of Petitioner's husband, David Ragan's estate was erroneous and if not erroneous *187 the Commissioner should apply for a return of the money from the Trustee in bankruptcy to whom it was paid." In support of her claim for refund and with regard to the "erroneous" refund, petitioner avers the following: A. 1980 1040X. Petitioner would assert that the 1980 1040X which was received by the Internal Revenue Service on August 1, 1985 and which, according to their very words "has not been processed" should be allowed in full as reported therein. B. Erroneous Refund Paid. Petitioner asserts that the refund that was paid in the amount of $ 50,695.31 on September 26, 1989 was paid to the Trustee in bankruptcy under cause number 85-00561 styled "In re: David J. Ragan, Debtor, Gina A. West, Trustee in the United States Bankruptcy Court, for the Eastern District of Kentucky, Lexington, Kentucky. Such money was never paid to Petitioner and if it was erroneous it would be a simple matter for the Commissioner to apply back to the Bankruptcy Court to seek a return of the funds and not to assert that Petitioner should have to pay the money back when the funds are being held by a Trustee under federal court supervision.
Among other prayers for relief, the petition *188 contains the following: "The petitioner is entitled to a refund as shown on the 1980 1040X plus interest for the year 1980." Answer
In the answer, respondent denies petitioner's claims and averments with regard to refunds, except that she admits that an erroneous refund of $ 50,695.31 paid on September 26, 1989, is being recovered "as a part of the statutory notice of deficiency." Returns
Petitioner and her husband, David J. Ragan, made joint returns of income for their taxable (calendar) years 1980 through 1983. Claim for Refund
On June 17, 1985, petitioner and David J. Ragan filed with respondent a Form 1040X, Amended U.S. Individual Income Tax Return, for 1980, claiming a refund of $ 108,935 (the 1980 refund claim). The Form 1040X attributed the refund to a change in income for 1980 resulting from a net operating loss carryback to 1980 from 1983. By December 1985, respondent had not acted on the 1980 refund claim. Husband's Bankruptcy
On August 6, 1985, David J. Ragan filed a voluntary petition in bankruptcy under chapter 11 of the Bankruptcy Code. On December 11, 1985, David J. Ragan, as debtor-in-possession, initiated an adversary proceeding *189 (the adversary proceeding) against the United States of America, Internal Revenue Service, by filing a complaint (the complaint) in the U.S. Bankruptcy Court, Eastern District of Kentucky (the Bankruptcy Court). The complaint asked the Bankruptcy Court to order the Internal Revenue Service to pay the 1980 refund claim and another refund to him. The United States timely answered and defended against the complaint. Among it defenses, the United States asserted a secured interest in any refund due the debtor and a right to offset any refund against the debtor's liabilities. On September 19, 1986, Gina A. West was appointed trustee of the estate created when David J. Ragan filed his petition in bankruptcy (see sec. III.A. infra; the estate). Gina A. West was substituted for the debtor as plaintiff in the adversary proceeding. In 1989, W. Thomas Bunch was substituted for Gina A. West as trustee of the estate and as plaintiff in the adversary proceeding. Hereafter, without differentiation, both Gina A. West and W. Thomas Bunch will be referred to as trustee. On September 8, 1989, the United States and the trustee settled the adversary proceeding. The United States agreed to *190 amend its proofs of claim to withdraw those income tax claims to which the trustee objected; it conceded that a refund was due to the estate; it agreed that the amount of refund due pursuant to the 1980 refund claim was $ 108,935 plus interest. In light of the agreement between the United States and the trustee, on September 8, 1989, the Bankruptcy Court ordered a payment by the United States to the estate. The United States was ordered to present to the trustee within 10 days the amount that it believed was due the estate. The trustee was given 10 days to accept or object to the amount. If the trustee objected to the amount, the United States was ordered to pay to the estate the amount that it claimed was owed, "which in no event shall be less than the $ 108,935.00 plus interest from April 15, 1984 less the amount shown on the second proof of claim for employment taxes in the amount of $ 53,000.00 and $ 9,151.04 plus interest and penalty, if any". By letter dated September 18, 1989, pursuant to the Bankruptcy Court order of September 8, 1989, the United States notified the trustee of the amount that the United States believed was due the estate. Net of all setoffs asserted *191 by the Internal Revenue Service, the amount was $ 50,695.31. On September 26, 1989, the Internal Revenue Service paid $ 50,695.31 to the trustee. On May 9, 1990, the trustee gave notice to all interested parties of his intent to seek approval to compromise the adversary proceeding. On May 21, 1990, the debtor filed an objection to that settlement. On July 9, 1990, a hearing was held, and on July 26, 1990, the Bankruptcy Court entered an order authorizing the trustee to compromise the adversary proceeding on the terms agreed to between the trustee and the Internal Revenue Service. On December 4, 1990, the Bankruptcy Court entered an order upon the trustee's motion to approve the settlement of the remaining disputed issues in the adversary proceeding. Among other things, that order required: (1) That the trustee is due a refund in respect of the Debtor's 1980 federal income tax in the amount of $ 108,935.00, plus interest accruing according to law, of which the Internal Revenue Service has already refunded to the Trustee $ 50,711.19; (2) That the Internal Revenue Service has a right to setoff against the refund described in the preceding paragraph unpaid prepetition employment *192 taxes, penalties, and interest for the fourth quarter of 1984 and the first and second quarters of 1985, in the amount of $ 58,809.00, plus post-petition interest accruing according to law; (3) That, within six weeks after entry of this Order, the Internal Revenue Service will compute the net amount of the refund owed to the Debtor pursuant to paragraphs (1) and (2) of this Order, and will refund the balance to the Trustee;
Community Property
Petitioner and David J. Ragan resided in Texas in 1980 and 1983. The 1980 claim for refund is with regard to tax payments made from funds that were the wages of David J. Ragan. Such funds were the community property of petitioner and David J. Ragan. Discussion I. Introduction
The issue for decision concerns a claim for refund of overpayment of Federal income tax liability. Petitioner and her husband, David J. Ragan, made joint returns of income tax for their taxable (calendar) years 1980 through 1983. On June 17, 1985, they filed with respondent a Form 1040X, Amended U.S. Individual Income Tax Return, for 1980, claiming a refund of $ 108,935 (the 1980 refund claim). They claimed that they overpaid their 1980 Federal *193 income tax by $ 108,935 as the result of a carryback of a net operating loss from 1983. The 1980 refund claim had not been processed by the time petitioner filed the petition herein, and petitioner timely raised the 1980 refund claim in the petition. Petitioner's taxable year 1980 is here in issue, and we have jurisdiction to find an overpayment for such year and determine the amount thereof. See sec. 6512(b)(1). As generally with other matters before this Court, petitioner bears the burden of proof. Rule 142(a). Respondent has questioned how much of the 1980 claim for refund is at issue. It is true that, in her trial memorandum, petitioner does state that she now seeks a $ 50,695.31 refund paid to the trustee. Nevertheless, having considered carefully the petition, the Form 1040X by which the 1980 refund claim was made, the trial memorandum of petitioner, the postsubmission memoranda of petitioner, and the stipulation, we are satisfied that petitioner has raised, and continues to insist on, a refund (i.e., an overpayment to which she is entitled) of one-half of the 1980 refund claim, viz, $ 54,467.50. We will decide that issue. Finally, both the petition and the answer *194 raise the issue of an erroneous refund of $ 50,695. In respondent's reply to petitioner's memorandum of law (respondent's reply), p. 12, respondent states: Contrary to petitioner's assertion, respondent does not admit that the refund paid to the Bankruptcy Trustee in David J. Ragan's bankruptcy was erroneous. The refund was described as erroneous in the statutory notice in order to protect the Internal Revenue Service. No attempt has been made to recover it from petitioner.
We accept respondent's explanation and conclude that there is no issue with regard to an erroneous refund for us to decide. II. Issues
Certain things are agreed by the parties. "Respondent agrees that at one point petitioner and David J. Ragan overpaid their income taxes for taxable year 1980 by $ 108,935.00." Respondent's reply p. 3. Respondent further agrees that, "under the community property laws of Texas, petitioner and her husband each owned a one-half interest in the * * * [1980 refund claim]". Id. at p. 4. Respondent's objection to petitioner's claim of an overpayment to which she is entitled is crystalized as follows: "After payment of the refund to the Trustee in David J. Ragan's *195 bankruptcy and crediting the setoffs pursuant to Court Order, that overpayment no longer exists." Id. at p. 3. Petitioner's argument to the contrary is based principally on two points: One, petitioner's community property interest in the 1980 refund claim is a special kind of community property interest -- "sole management and control community property" -- which cannot be applied to the tax liability of any person other than petitioner. Two, the offsets must be disregarded. For the reasons stated below, we reject petitioner's arguments and agree with respondent. III. Sole Management and Control Community Property
A. Bankruptcy Estate
When David J. Ragan filed his petition in bankruptcy, he caused to be created an entity separate from himself, an "estate" (the estate). See Bankruptcy Code sec. 541(b). 11 U.S.C. (Bankruptcy Code) sec. 541(a) (1988). Among other things, the estate succeeded to "all interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is * * * under the sole, equal, or joint management and control of the debtor". Bankruptcy Code sec. 541(a)(2)(A). There *196 is no question (and petitioner does not argue) that, if the 1980 refund claim is community property "under the sole, equal, or joint management" of David J. Ragan, it is includable in the estate pursuant to section 541 of the Bankruptcy Code. While conceding that her one-half interest in the 1980 refund claim is community property, petitioner argues that it is not community property "under the sole, equal, or joint management" of David J. Ragan: The Petitioner asserts that her interest in the overpayment is properly characterized as the Petitioner's sole management and control community property, and not the sole management and control property of her bankrupt spouse, or their equal or joint control community property. It is, therefore, specifically excluded from Section 541(a). [Petitioner's reply to respondent's memorandum of authorities p. 16.]
B. Sole Management and Control Community Property
1. Respondent's Position
Respondent concedes that, if petitioner's interest in the 1980 refund claim was her "sole management" community property, it was not part of the estate: "It is true that a spouse's earnings which are properly characterized *197 as 'sole management' community property are exempt from the other spouse's creditors unless both spouses are liable by other rules of law." Respondent's reply p. 9. Nevertheless, respondent argues that petitioner has not proven that any part of the 1980 refund claim was her sole management community property or that other rules of law do not eliminate the exemption. 2. The Law of Texas
The law of Texas is important in determining whether petitioner's interest in the 1980 refund claim became property of the estate: The question whether an interest claimed by the debtor is "property of the estate" is a federal question to be decided by federal law; however, courts must look to state law to determine whether and to what extent the debtor has any legal or equitable interests in property as of the commencement of the case. Butner v. United States, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979); Matter of Jones, 768 F.2d 923, 927 (7th Cir. 1985). * * *
In re Yonikus, 996 F.2d 866, 869 (7th Cir. 1993). For Federal income tax purposes, to *198 determine interests in property, we also generally look to State law. E.g., Massaglia v. Commissioner, 33 T.C. 379, 383 (1959) (question of whether taxpayer's interest in real property was community interest: "The existence of interests in real property is a matter of state law; the occasion and extent of their taxation by the Federal Government, a matter of Federal law."), affd. 286 F.2d 258 (10th Cir. 1961). The Texas Family Code specifies whether community property is subject to (1) the sole management, control, and disposition of one spouse (sole management community property) or (2) the joint management, control, and disposition of both spouses (joint management community property). The rules are as follows: (a) During marriage, each spouse has the sole management, control, and disposition of the community property that he or she would have owned if single, including but not limited to: (1) personal earnings; (2) revenue from separate property; (3) recoveries for personal injuries; and (4) the increase and mutations of, and the revenue from, all property subject to his or her sole management, control, *199 and disposition.
(b) If community property subject to the sole management, control, and disposition of one spouse is mixed or combined with community property subject to the sole management, control, and disposition of the other spouse, then the mixed or combined community property is subject to the joint management, control, and disposition of the spouses, unless the spouses provide otherwise by power of attorney in writing or other agreement. (c) Except as provided in Subsection (a) of this section, the community property is subject to the joint management, control, and disposition of the husband and wife, unless the spouses provide otherwise by power of attorney in writing or other agreement. [Tex. Fam. Code Ann. sec. 5.22 (West 1993) (sec. 5.22).]
Claims to income tax refunds are not included in the list set forth in section 5.22(a). By the terms of section 5.22(a), however, that list is not exclusive. We are thus presented with a question of statutory interpretation. We must ascertain the law of Texas as the highest court in the State would apply it. See Commissioner v. Estate of Bosch, 387 U.S. 456, 465 (1967). We need not inquire *200 with regard to the universe of claims to income tax refunds. Petitioner has stated: "It is undisputed that the funds from which the tax payments were made were the wages of David J. Ragan". Memorandum of law for petitioner p. 14. We have found accordingly. Petitioner has not proposed, nor have we made, any finding with regard to (1) the income reported for 1980 or (2) the property that gave rise to the net operating loss that caused the overpayment for 1980. We thus need inquire only whether any portion of a claim to a refund of Federal income tax payments made from wages (1) earned by a spouse and that are (2) community property of both spouses is the sole management community property of the other spouse. We have found no case of a Texas court that is on point. A decision of the United States Bankruptcy Court, however, is instructive: In re Bathrick, 1 Bankr. 428 (Bankr. S.D. Tex. 1979). In that case, the Bankruptcy Court was called upon to apply Texas law. A proceeding had been initiated by a trustee in bankruptcy asserting that a Federal income tax refund that was owned jointly to the bankrupt and his wife (not a bankrupt) vested in *201 the trustee of the husband's estate upon the filing of the husband's voluntary petition in bankruptcy. The bankruptcy court found that the bankrupt and his wife had made a joint return of income for 1975 (the year preceding the husband's bankruptcy) and that virtually all of the income reported by them for that year constituted earnings of the husband. The court also found that the refund was generated largely by deductions for capital and real estate losses. There is no finding with regard to ownership of the property giving rise to the losses. The court applied section 5.22 as follows: Personal earnings, while community property, are by statute subject to the sole management, control and disposition of the spouse who earned them. Tex. Family Code Ann. § 5.22 (1975). As previously stated, virtually all of the income reported on the 1975 tax return was earned by * * * [the husband]; therefore, the refund, as excess payments of personal earnings, would be community property under the sole control, management and disposition of * * * [the husband]. [Id. at 430.]
The court concluded that the refund in question passed to the bankruptcy estate *202 on the date the bankrupt filed his petition. Id. at 432. The court's finding that the refund in question was sole management community property of the husband necessarily precludes a finding that the same property was sole management community property of the wife. The bankruptcy court in In re Bathrick failed to distinguish between the bankrupt's personal earnings, which gave rise to the refund ("as excess payments of personal earnings"; id. at 430), and the refund itself. The court reasoned that, since the bankrupt's personal earnings constituted sole management community property of the husband, so did the resulting refund. Here, petitioner would distinguish between the tax payments that gave rise to the refund and the refund itself: "The income and refund are separate funds, each with different characterizations as to type of community property for Texas Law." Memorandum of law for petitioner p. 18. Petitioner looks to section 6402(a) (overpayment creditable for benefit of, or refundable to, the person who made the overpayment), certain case law, e.g., Hathaway v. United States, 93-1 USTC par. 50285, 88091 (W.D. Wash. 1993) *203 ("case law overwhelmingly establishes that overpayments by married couples are apportionable to each spouse to the extent that he or she contributed to the overpaid amount"), and certain published rulings of respondent, e.g., Rev. Rul. 80-7, 1980-1 C.B. 296, 297 ("In a community property state, each spouse is considered the recipient of one-half of the wages upon which taxes are withheld and thus is entitled to a credit for one-half of the taxes that are withheld.") to support the proposition that petitioner has a certain control over her one-half interest in the 1980 refund claim that makes her interest her sole control community property. We disagree. The reasoning of the Bankruptcy Court in In re Bathrick, supra, is persuasive. On the facts before us (like those before the Bankruptcy Court) the refund clearly is closely related to the personal earnings of the bankrupt spouse, which, without doubt, constitute property described in section 5.22(a). Petitioner has not alleged that such personal earnings lost their character as sole management community property of David J. Ragan by virtue of having *204 been mixed or combined with sole management community property of petitioner. See sec. 5.22(b). Moreover, petitioner ignores the language of section 5.22(a) that provides that, "during marriage, each spouse has the sole management, control, and disposition of the community property that he or she would have owned if single". (Emphasis added.) Any right of petitioner under section 6402(a) to a portion of the 1980 refund claim results solely from the status of David J. Ragan's wages (from which the 1980 taxes were paid) as community property. Put another way, but for the status of David J. Ragan's wages as community property, petitioner has failed to prove any fact that would lead to the conclusion that she is entitled to a refund of any portion of the overpayment that gave rise to the 1980 refund claim. In a nutshell, petitioner has failed to prove that the refund claim is community property that she would have owned if single. 3. Conclusion
Accordingly, we hold that no part of the 1980 refund claim constitutes sole management community property of petitioner within the meaning of section 5.22(a). We further hold that the entirety of the 1980 refund claim constitutes *205 sole management community property of David J. Ragan within the meaning of section 5.22(a). C. Property of the Estate
1. Introduction
It is insufficient for us to hold merely that the entirety of the 1980 refund claim constitutes sole management property of David J. Ragan under the laws of Texas. We also must determine whether all, or any portion, of the 1980 refund claim became property of the estate within the meaning of section 541(a) of the Bankruptcy Code. 2. Section 541(a) of the Bankruptcy Code
Section 541(a)(1) of the Bankruptcy Code defines the estate broadly as including "all legal or equitable interests of the debtor in property as of the commencement of the case". The bankrupt's right to a tax refund is property of the estate. In re Doan, 672 F.2d 831, 832-833 (11th Cir. 1982). The entirety of a refund that constitutes sole management community property of the bankrupt under Texas law is property of the estate of that bankrupt. See In re Barnes, 14 Bankr. 788, 790 (Bankr. N.D. Tex. 1981) ("By joining in the filing of a joint petition, Mrs. Barnes relegated all her interests in community *206 property under her sole management, including the income tax refund, to the property of the estate."); In re Bathrick, 1 Bankr. 428 (Bankr. S.D. Tex. 1979) (under Bankruptcy Act, predecessor to the Bankruptcy Code, tax refund that was sole management community property passed to the bankruptcy trustee on the date bankrupt filed his petition). 3. Conclusion
In its entirety, the 1980 refund claim became property of the estate when David J. Ragan filed his petition in bankruptcy. IV. Offsets
A. Introduction
In her trial memorandum, under the heading: "Summary of Facts", respondent states: The settlement between the United States and trustee provided that the debtor's 1980 federal income tax refund of $ 108,935.00 (plus interest) would be paid to the trustee in David J. Ragan's bankruptcy and that the I.R.S. had the right to setoff certain unpaid employment taxes due from David J. Ragan from the refund payment.
Petitioner challenges respondent's right to raise "its affirmative defense of offsets." Memorandum of law for petitioners p. 21. Petitioner claims that respondent raised that defense for the first time in her trial memorandum. *207 Id. Petitioner cites Rule 39 ("Pleading Special Matters") and states: "Respondent has neither properly pled the right of offset nor introduced any evidence to carry its burden of proof." (Id. at 22.) Respondent's response is simple: Petitioner misconstrues respondent's position. Respondent has not raised an affirmative defense of offsets, or setoffs, in bankruptcy parlance. Nor is such a defense required. Respondent's position is that this Court lacks jurisdiction over the $ 108,935.00 of David J. Ragan's bankruptcy. Setoffs to that $ 108,935.00 are likewise not within this Court's jurisdiction. [Respondent's reply p. 9.]
B. Analysis
We agree with respondent. We have held that, in its entirety, the 1980 refund claim became property of the estate when David J. Ragan filed his petition in bankruptcy. Moreover, we have found that, on December 4, 1990, the Bankruptcy Court entered an order (the order) providing, among other things: (1) That the trustee is due a refund in respect of the Debtor's 1980 federal income tax in the amount of $ 108,935.00, plus interest accruing according to law, of which the Internal Revenue Service has already refunded to the *208 Trustee $ 50,711.19; (2) That the Internal Revenue Service has a right to setoff against the refund described in the preceding paragraph unpaid prepetition employment taxes, penalties, and interest for the fourth quarter of 1984 and the first and second quarters of 1985, in the amount of $ 58,809.00, plus post-petition interest accruing according to law; (3) That, within six weeks after entry of this Order, the Internal Revenue Service will compute the net amount of the refund owed to the Debtor pursuant to paragraphs (1) and (2) of this Order, and will refund the balance to the Trustee;
That order is consistent with section 542 of the Bankruptcy Code, which provides in pertinent part: an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.
Section 553 of the Bankruptcy Code provides the circumstances under which a creditor of the bankrupt may offset a mutual debt owing by such creditor to the bankrupt against a claim of such creditor *209 against the bankrupt. Jurisdiction over matters arising under the Bankruptcy Code is governed by 28 U.S.C. secs. 157 and 1334. Pursuant to that statutory authority, the Bankruptcy Courts, upon delegation from the District Courts, have jurisdiction over all bankruptcy cases. The Bankruptcy Courts, as units of the District Courts, have exclusive jurisdiction over all property of the bankrupt and the estate: The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of commencement of such case, and of property of the estate. [28 U.S.C. sec. 1334(d).]
The setoff contemplated in the second paragraph of the order involves a disposition of the property of the estate. We have no jurisdiction with regard either to such property or such setoff. 28 U.S.C. sec. 1334(d). C. Conclusion
The objection to a claim of offset raised by petitioner does not involve an affirmative defense that respondent has failed properly to plead. Instead it involves a question *210 concerning the jurisdiction of this Court. "A jurisdictional issue can be raised by either party or the Court sua sponte at any stage of the proceedings." Smith v. Commissioner, 96 T.C. 10, 13-14 (1991). Petitioner's claims with regard to offset fail. V. Conclusion
On the premises stated, petitioner has failed to carry her burden of showing any overpayment for 1980 to which she is entitled, and we so find. We hold that she is entitled to no credit or refund with regard thereto. Decision will be entered under Rule 155.