Thomas Odis **OAKLEY,**
Appellant (Debtor),

v.

Daniel L. **FREELAND,**
Appellee (Trustee).

No. 2:02–CV–50.
Bankruptcy No. 01–61721.

United States District Court,
N.D. Indiana,
Hammond Division.

Dec. 16, 2002.

Kathryn E. Gately—UAW–Ford Legal Services Plan, Calumet City, IL, for plaintiff.

Daniel L. Freeland & Associates, Highland, IN, for defendant.

## ORDER

LOZANO, District Judge.

This matter is before the Court on appeal from the United States Bankruptcy Court. For the reasons set forth below, the decision of the bankruptcy court is **REVERSED** in that the Trustee's objection is **OVERRULED.**

*BACKGROUND*

Appellant, Thomas Odis Oakley (Oakley), voluntarily petitioned for Chapter 7 bankruptcy on April 26, 2001. On Schedule C of his petition, Oakley exempted $2700 in cash on hand as tangible personal property pursuant to Indiana Code section 34–55–10–2(b)(2). On August 2, 2001, trustee, Daniel L. Freeland (Freeland), objected to Oakley's exemption of the $2700 cash as tangible personal property. Freeland's objection was based on his argument that cash in hand is an intangible asset and, therefore, limited to a $100 exemption pursuant to Indiana Code section 34–55–10–2(b)(3). On August 14, 2001, Oakley filed his response to the trustee's objection. Subsequently, the bankruptcy court entered an opinion and sustained Trustee Freeland's objection to Oakley's claimed exemption of cash on hand.

Oakley filed a notice of appeal in January 2002, and contemporaneously filed an extension of time to appeal. Said extension was granted and Oakley filed his appeal in February 2002.

Because this Court is able to adequately determine the facts and legal arguments by its review of the briefs and record, and because the decisional process would not be significantly aided by oral argument, this Court finds that oral argument is not necessary pursuant to Federal Bankruptcy Rule 8012. *See, e.g., In re Chenoweth,* 143 B.R. 527, 528 (S.D.Ill.1992).

*Standard of Review*

In reviewing a bankruptcy court's decision, this Court acts as an appeals court and applies the same standards of review as govern appellate review in other cases. *Zygulski v. Daugherty,* 236 B.R. 646 (N.D.Ind.1999); *see also Sagamore Park Centre Associates, L.P. v. Sagamore Park Properties,* 200 B.R. 332 (N.D.Ind.1996). The sole issue before this Court is one of law. Accordingly, this Court reviews the bankruptcy court's legal determination *de novo. Zygulski,* 236 B.R. at 651. *De novo* review requires the district court to make an independent examination of the bankruptcy court's judgment without giving deference to that court's analysis or conclusions. *Id.; see also Smoker v. Hill & Assocs., Inc.,* 204 B.R. 966 (N.D.Ind.1997).

*DISCUSSION*

Indiana has opted out of the federal bankruptcy exemptions provided in 11 U.S.C. section 522(d). Instead, Indiana has chosen to establish the property exemptions for individual debtors domiciled in Indiana by state statute. *See* Ind.Code § 34–55–10–2, *et seq.* The list of exemptions are found in Indiana Code section 34–55–10–2, which provides, in relevant part:

(b) The following property of a judgment debtor domiciled in Indiana is not subject to levy or sale on execution or any other final process from a court, for a judgment founded upon an express or implied contract or a tort claim:

\* \* \* \* \* \*

(2) Other real estate or tangible personal property of four thousand dollars ($4,000).

(3) Intangible personal property, including choses in action (but excluding debts owing and income owing), of one hundred dollars ($100).

Ind.Code § 34–55–10–2(b).

The sole issue before this Court is whether cash in the possession of a debtor is tangible or intangible personal property pursuant to Indiana Code section 34–55–10–2(b). If currency is found to be tangible personal property, the debtor may exempt $4,000. Ind.Code § 34–55–10–2(b)(2). If cash is judged to be intangible personal property, however, the debtor is entitled to exempt only $100. Ind.Code § 34–55–10–2(b)(3). The dispute among the parties arises due to the fact that the statute does not define either tangible or intangible personal property. Moreover, the statute itself does not provide any clues as to whether cash is properly designated as tangible or intangible personal property.

Aside from the statute's ambiguity, the difficulty in determining whether cash is tangible or intangible personal property is compounded by the abstract legal definitions of both. "Tangible property" is defined as "[p]roperty that has physical form and characteristics" (e.g., ring or watch). Black's Law Dictionary, 1234 (7th ed.1999). "Intangible property" is defined as "[p]roperty that lacks a physical existence" (e.g., bank accounts, stock options, and business goodwill). Black's Law Dictionary, 1233 (7th ed.1999). While these definitions seem diametrically opposed, they actually do little to clarify one's ability to categorize the nature of cash. Indeed, the aforementioned definitions have caused several courts in this district to engage in various metaphysical discussions concerning cash—comparing and contrasting its physical form with its representative value. See In re Koehl, 1988 Bankr.–LEXIS–2684–No. 87–10550 (Bankr.N.D.Ind. July 8, 1988); Levin v. Dare, 203 B.R. 137 (S.D.Ind.1996). The result of such inquiry has led courts to believe that "[c]urrency simply does not fit neatly into the abstract legal categories of tangible and intangible property." Levin, 203 B.R. at 142.

To add to the uncertainty, there is only one Indiana case to have even peripherally addressed the issue at hand. In Myles v. Flora, a nonbankrupt case, the plaintiff obtained a judgment against the defendant. 462 N.E.2d 1319 (Ind.Ct.App.1984). In satisfaction of said judgment, the garnishee defendant was ordered to pay the court a deposit of Myles. The defendant claimed that the deposit account was cash, therefore, subject to the $4,000 tangible property exemption. Conversely, the plaintiff argued that the deposit account was intangible and only entitled to a $100 exemption. The Myles court, relying on the intangibles tax statute, found the account to be intangible. Id. at 1320. The court defined intangible personal property as "property which has no extrinsic value but is merely representative of evidence of value, such as stock certificates, bonds, or promissory notes." Id. While determining that the account was intangible, the Court found that the deposit account was neither money nor cash. Id. Thus, for purposes of the instant issue, Myles is of little use.

With the aforementioned unsettled principles in mind, the parties have attempted to persuade this Court with various collateral arguments. For example, the parties have each set forth their respective arguments concerning cash's representative value versus its physical form, the general treatment of cash in other Indiana statutes, and the public policy behind exemption statutes. While this Court duly takes

note of each of these arguments, none of these arguments are novel.

 Federal district courts sitting in Indiana have already had occasion to consider the applicable arguments and decide this issue. In fact, district courts sitting in both the Northern District and Southern District of Indiana have determined that, for purposes of the exemption statute, cash is tangible personal property. *See Levin,* 203 B.R. 137 (citing Judge Lee's unpublished opinion of *In re Koehl* in the Northern District of Indiana). Usually, district judges need not be bound by decisions of other district judges. *TMF Tool Co., Inc. v. Muller,* 913 F.2d 1185, 1191 (7th Cir. 1990). "Such decisions would normally be entitled to no more weight than their intrinsic persuasiveness merits." *Id.* This is because the responsibility of maintaining uniformity lies in appellate rather than trial judges. *Id.* In bankruptcy appeals, however, the trial court sits as appellate review of the bankruptcy court. Thus, it logically flows that it is the district court's responsibility to maintain uniformity in principles of bankruptcy law. Therefore, while this Court notes that it is not controlled by any binding precedent, following this Court's district court colleagues provides for consistency of the result throughout Indiana. *Id.* at 1191 ("For a variety of quite valid reasons, including consistency of result, it is an entirely proper practice for district judges to give deference to persuasive opinions by their colleagues on the same court.").

 Even if this Court were to give no deference to the aforementioned district court decisions, this Court finds the logic set forth in *Levin* as well as in *In re Koehl* to be sound and their outcomes to be correct—there is no need to restate the opinions here in whole. Briefly, cash does not fit neatly into either tangible or intangible property; rather, it arguably has characteristics of each. While this Court notes that the Indiana Code does primarily treat cash as intangible, it does not treat cash uniformly. Moreover, exemption statutes, unlike the statutes which treat cash as intangible, "are based upon considerations of public policy and humanity; and it was not alone for the benefit of the debtor, but for his family also, that such laws were enacted, and the same should be liberally construed." *Pomeroy v. Beach,* 149 Ind. 511, 49 N.E. 370, 372 (1898). To effectuate the public policy of the exemption statute, practical considerations must be taken into account. "Treating currency as tangible personal property under the statute permits a prudent debtor to select a modest combination of . . . belongings . . . and cash to continue day-to-day living, and one hopes, finding or earning a livelihood." *Levin,* 203 B.R. at 145. As such, this Court adheres to the district court precedent established in both the Northern and Southern Districts of Indiana—treating cash as tangible personal property pursuant to the exemption statute, Indiana Code section 34–55–10–2.

As a final note, the Appellee in this matter argues that it was the Indiana legislature's intent to treat cash on hand as intangible personal property. While his argument is well-reasoned, it is not persuasive. At the conclusion of *Levin,* a published decision, Judge Hamilton invited the Indiana legislature to clarify the exemption statute if his interpretation of holding cash as tangible personal property did not accurately reflect the legislature's intentions. To date, the legislature has not reacted. Such inaction further leads this Court to the conclusion that the legislature intended cash to be treated as tangible personal property.

## CONCLUSION

The judgment of the bankruptcy court is **REVERSED** in that the objection to ex-

emption filed by the trustee is **OVER-RULED.**